IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 09-0688

_____

| | | |
|---|---|---|
| IN RE CHANGES TO THE MONTANA RULES | ) | |
| OF PROFESSIONAL CONDUCT to encourage | ) | O R D E R |
| limited scope representation (LSR) in Montana. | ) | |

_____

In September of 2010, the Montana Supreme Court Equal Justice Task Force, the Montana Supreme Court Commission on Self-Represented Litigants, and the State Bar Access to Justice Committee petitioned the Court to adopt rule changes in order to encourage limited scope representation (LSR) by Montana attorneys, as one means of addressing the unmet legal needs of low- to moderate-income Montanans. For that purpose, changes were proposed to the Montana Rules of Civil Procedure and the Montana Rules of Professional Conduct.

We invited and received written public comment on the proposed rule changes. At the end of the comment period, we also heard public comment at several public meetings. At our public meeting on March 1, 2011, we voted to adopt most, but not all, of the changes proposed to the Montana Rules of Professional Conduct and the Montana Rules of Civil Procedure.

IT IS NOW ORDERED:

Rules 1.2, 4.2, and 4.3 of the Montana Rules of Professional Conduct are amended by the addition of the language highlighted and underlined below:

**Rule 1.2 -- Scope of Representation and Allocation of Authority Between Client and Lawyer**

[existing subsections (a) and (b)]
(c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing.
    (1) The client's informed consent must be confirmed in writing unless:
    (i) the representation of the client consists solely of telephone consultation;

(ii) the representation is provided by a lawyer employed by a nonprofit legal services program or participating in a nonprofit court-annexed legal services program and the lawyer's representation consists solely of providing information and advice or the preparation of court-approved legal forms; or

(iii) the court appoints the attorney for a limited purpose that is set forth in the appointment order.

(2) If the client gives informed consent in writing signed by the client, there shall be a presumption that:

(i) the representation is limited to the attorney and the services described in the writing; and

(ii) the attorney does not represent the client generally or in matters other than those identified in the writing.

[existing subsection (d)]

**Rule 4.2 -- Communication with Person Represented by Counsel**

(a) [existing rule]

(b) An otherwise unrepresented person to whom limited representation is being provided or has been provided in accordance with Rule 1.2(c) is considered to be unrepresented for purposes of this Rule unless the opposing party or lawyer has been provided with a written notice of appearance under which, or a written notice of time period during which, he or she is to communicate only with the limited representation lawyer as to the subject matter within the limited scope of the representation.

**Rule 4.3 -- Dealing with Unrepresented Person**

(a) [existing rule]

(b) An otherwise unrepresented person to whom limited representation is being provided or has been provided in accordance with Rule 1.2(c) is considered to be unrepresented for purposes of this Rule unless the opposing party or lawyer has been provided with a written notice of appearance under which, or a written notice of time period during which, he or she is to communicate only with the limited representation lawyer as to the subject matter within the limited scope of the representation.

The above changes to the Montana Rules of Professional Conduct shall be effective on October 1, 2011.

This Order shall be published on the Montana Supreme Court website. The Clerk is directed to provide copies of this Order to the Montana State Law Library, the State Bar of

Montana, Court Services Director Beth McLaughlin, Thomson-Reuters, Chair of the State Bar Ethics Committee Michael Alterowitz, and the Montana Legislative Services Division. The Clerk is further directed to provide copies of this Order to the Chairs of the Montana Supreme Court Equal Justice Task Force, the Montana Supreme Court Commission on Self-Represented Litigants, the State Bar of Montana Access to Justice Committee, and the Advisory Commission on Rules of Civil and Appellate Procedure.

DATED this 15th day of March, 2011.


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE